IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **RICHARD EARL ALLEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **1:09CV764** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff, Richard Earl Allen, has submitted a pro se complaint under 42 U.S.C. § 1983. Plaintiff, a federal prisoner, names as defendant the "United States Government, by and through its officers of its District Court for the Middle District of North Carolina." He claims that his sentence exceeded the applicable statutory maximum for his conviction. He seeks unidentified declaratory and injunctive relief or, alternatively, monetary damages.

Because Plaintiff has not paid the filing fee of $350.00, it appears that Plaintiff seeks to proceed as a pauper. Therefore, the Court must examine the complaint to see whether it fails to state a claim upon which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or is frivolous or malicious. 28 U.S.C. § 1915(a)[1]. Also, because Plaintiff is a prisoner, the Court would have to engage in such a review in any event. 28 U.S.C. § 1915A. For frivolous or malicious review, the Court looks

[1]Plaintiff has named the federal government through federal officials as defendants. Suits against federal officials may not be brought via § 1983. *District of Columbia v. Carter*, 409 U.S. 418 (1973). Plaintiff, of course, may proceed pursuant to 28 U.S.C. § 1331 by alleging that federal officers violated his constitutional rights. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). However, such actions are almost always subject to the same principles which govern actions brought pursuant to 42 U.S.C. § 1983. *See Carlson v. Green*, 446 U.S. 14 (1980).

to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319 (1989). A plaintiff fails to state a claim when it appears certain that the plaintiff cannot prove any set of facts which would entitle him or her to relief. The Court must accept all well-pled allegations and review the complaint in a light most favorable to Plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Facts must be alleged with specificity. *White v. White*, 886 F.2d 721 (4th Cir. 1989). The Court may anticipate affirmative defenses which are clear on the face of the complaint. *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995)(en banc)(court may apply common sense and reject fantastic allegations and/or rebut them with judicially noticed facts).

As an initial matter, the Court notes that Plaintiff is attempting to undermine his convictions for possessing firearms after a felony conviction. In fact, this appears to be the main purpose of his filing of this case. Plaintiff is not be permitted to do this without first showing that his convictions have been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff fails to do so and, in fact, explicitly states that he is filing suit because his other attempts at having his convictions vacated have failed. Therefore, dismissal is proper and Plaintiff is not entitled to proceed as a pauper.

Plaintiff has submitted a complaint for filing and, notwithstanding the above determination, § 1915(b)(1) requires that an initial payment of  be made. Plaintiff has not provided the Court with the necessary information to calculate an initial payment. Still, Plaintiff must agree that his funds be withheld until the full filing fee is paid. Failure to comply with this Order will lead to dismissal of the complaint.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS FURTHER ORDERED** that within twenty (20) days from the date of this Order Plaintiff complete and return the Consent to Collection form. Failure to comply with this Order will lead to dismissal of the complaint.

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous or malicious or for failing to state a claim upon which relief may be granted.

**Wallace W. Dixon, U. S. Magistrate Judge**

October 8, 2009

ptf-ct1.frm
Section 1983-2/98

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| RICHARD EARL ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09CV764 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT**

I, ________________________, prison number ____________, hereby consent:

1. for the appropriate prison officials to collect or set aside from my account on a continuing basis each month, starting the month after this action was filed, an amount equal to 20% of each month's income or deposits for the payment of filing fees and costs of this action;
2. that collection shall continue even after my case is dismissed or otherwise decided until the full filing fee and any assessed costs are paid;
3. that I may not withdraw or use any part of these 20% monthly set asides except to pay the court;
4. that the court will order the Trust Officer (or similarly designated official ) to forward payments to the Clerk's Office, U.S. District Court, Post Office Box 2708, Greensboro, North Carolina 27402, until such time as the $350.00 filing fee and any assessed costs are paid in full; and
5. that I understand that any violation or noncompliance by me with the terms of this Consent shall result in the dismissal of the above entitled action with prejudice.

Date: ____________________ Plaintiff's signature: ________________________________